NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
JOHN T. HANSEN (SBN 034639)
50 California Street, 34th Floor
San Francisco, California 94111-4799
Telephone: (415) 398-3600
Facsimile: (415) 398-2438


Ann Brick, State Bar # 65296
Alan L. Schlosser, State Bar # 49957
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION OF NORTHERN CALIFORNIA, INC.
1663 Mission Street, Suite 460
San Francisco, CA  94103
Telephone:  (415) 621-2493
Fax: (415) 255-8437

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN BENITEZ, a minor, by BENJAMIN BENITEZ, his guardian ad litem; VICTOR MUNOZ, a minor, by ANGELA MUNOZ, his guardian ad litem; and JESSICA PRENTICE, a minor, by RONALD PRENTICE, her guardian ad litem ) ) ) ) ) ) ) | Case No: **CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES** |
|        Plaintiffs, ) ) | |
|    vs. ) ) | |
| DON MONTOYA, Principal Logan High School, in his personal and official capacities; SUSAN SPEAKMAN Acting Superintendent, New Haven Unified School District, in her official capacity; GWEN ESTES, President, New Haven Unified School District Board Of Education, in her personal and official capacities; BARBARA AROVALLE, JONAS DIÑO, LINDA FERNANDES, JIM NAVARRO, Members, and CATHY KELLEY, Former Member, New Haven Unified School District Board Of Education, in their personal and official capacities; RUTH ANN MCKENNA, Former Superintendent, New Haven Unified School District, in her personal capacity; ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

145571_1.DOC

1  LORRIE BARRERA, Logan High School House )
   Three Principal in her personal and official )
2  capacities;  CRAIG LANG, Logan High School )
   House Principal in his personal and official )
3  capacities; JESUS VARELA, Logan High School )
   House Principal in his personal and official )
4  capacities; JASON ROBARGE, Logan High )
   School Former Assistant Principal, Activities, in )
5  his personal and official capacities; DAN )
   FOWLER, Logan High School Assistant Principal )
6  in his personal and official capacities; CITY OF )
   UNION CITY; RANDY ULIBARRI, Police )
7  Chief, City Of Union City, in his personal and )
   official capacities; UNION CITY POLICE )
8  OFFICERS BERNARD, JEFFREY BILODEAU, )
   BLACKWELL, CESAR, RAOUL GALINDO, )
9  GOUGH, GLORIA LOPEZ-VAUGHN, BOB )
   MARTIN, RAY MUNOZ, DEAN SATO and )
10 BRIAN SIMON, in their personal and official )
   capacities; and DOES 1-50, in their personal and )
11 official capacities, inclusive, )
                                                        )
12 _____Defendants._____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

**INTRODUCTION**

1.       On or about February 22, 2002, Don Montoya, the principal of James Logan High School in Union City, California, other school officials, and Union City Police Department officers, acting without lawful justification, rounded up approximately 60 students of James Logan High School and ordered them into empty classrooms where they were detained against their will.  The students and their personal belongings were searched, and items of their personal property were seized.  In addition the Union City police officers who participated in the round up interrogated and photographed the students and, plaintiffs are informed and believe, retained the information obtained from students in police investigative files and a "gang database" maintained and operated by the Union City Police Department. The round up was purportedly conducted to curtail gang activity at the school.

2.       Plaintiffs were included in the round up, detained, searched, interrogated, photographed, and, on information and belief, included in the gang database, even though school officials have admitted to plaintiffs that they knew that plaintiffs were not gang members or involved in gang activity.

3.       By the complaint in this case, plaintiffs, each of whom was a victim of the illegal forced detention, searches, seizures, interrogations, photographing, and, on information and belief, inclusion in a gang database, seek judicial redress for violations of their civil rights.  This action is for damages and for declaratory and injunctive relief arising out of the unlawful violations of plaintiffs' civil rights by school officials and Union City police officers, and the improper collection and retention of personal information by the Union City Police Department.

4.       Plaintiffs bring their claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 7(a), and 13 of the California Constitution, as well as pursuant to the statutory and common law of  California.  Plaintiffs have sought unsuccessfully to persuade defendants to discontinue these unconstitutional practices and now require the aid of this court in securing and enforcing their rights.

**JURISDICTION**

5.       Plaintiffs' claims for declaratory, injunctive and monetary relief are brought pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States; 42 U.S.C. section 1983;

145571_1.DOC                                         -2-
CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

Article 1, Sections 1, 7(a) and 13 of the California Constitution; California Civil Code Section 52.1; and California common law.

6.     Jurisdiction of this Court arises under 28 U.S.C. sections 1331, 1343, and 2201.  The Court has supplemental jurisdiction over the state law claims alleged in this complaint pursuant to 28 U.S.C. section 1367.  Declaratory relief is authorized under 28 U.S.C. sections 2201 and 2202.

7.     All administrative remedies have been exhausted.  Plaintiffs Benitez, Munoz, and Prentice have filed administrative claims for damages under the California Tort Claim Act, and those claims have been denied.

8.     A substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of Alameda, California.  Venue is proper in the Northern District of California.

## THE PARTIES

9.     Plaintiff Brian Benitez is and was at all relevant times a student at James Logan High School in Union City, California, and intends to continue his attendance at the school until he graduates in 2004.  Plaintiff Benitez, as well as his proposed guardian ad litem, is a resident of the County of Alameda, California.

10.     Benjamin Benitez is Plaintiff Benitez' father and, by petition to this court, has requested appointment as his guardian ad litem.

11.     Plaintiff Victor Munoz is and was at all relevant times a student at James Logan High School in Union City, California, and intends to continue his attendance at the school until he graduates in 2005.  Plaintiff Munoz, as well as his proposed guardian ad litem, is a resident of the County of Alameda, California.

12.     Angela Munoz is Plaintiff Munoz' mother and, by petition to this court, has requested appointment as his guardian ad litem.

13.     Plaintiff Jessica Prentice is and was at all relevant times a student at James Logan High School in Union City, California, and intends to continue her enrollment at the school until she graduates in 2004.  Plaintiff Prentice, as well as her proposed guardian ad litem, is a resident of the County of Alameda, California.

14.     Ronald Prentice is Plaintiff Prentice's father and, by petition to this court, has requested appointment as her guardian ad litem.

15.     Defendant Don Montoya, sued in both his official and personal capacities, is and was at all relevant times employed by the New Haven Unified School District as Principal at James Logan High School.  All actions taken by Defendant Montoya while working as a Principal at James Logan High School were taken in the course and scope of his employment and were taken under color of state law.

16.     Defendant Susan Speakman is the current acting Superintendent of the New Haven Unified School District, and is sued in her official capacity.  Defendant Speakman is responsible for carrying out and setting policies of the New Haven Unified School District which continue to harm or threaten to harm plaintiffs.  All actions taken by Defendant Speakman while working as the Superintendent of the New Haven Unified School District were taken in the course and scope of her employment and were taken under color of state law.

17.     Defendant Gwen Estes, president, and defendants Barbara Aro-Valle, Jonas Diño, Linda Fernandes, and Jim Navarro are members of and constitute the New Haven Unified School District Board of Education, the governing body of the New Haven Unified School District.   Said board member defendants are sued in both their personal and official capacities.  These defendants are, and at all relevant times were, responsible for promulgating policies, rules and regulations applicable to students of James Logan High School.  All actions taken by these defendants, while acting as members of the New Haven Unified School District Board of Education, were taken while acting in the course and scope of their duties as Board members and were taken under color of state law.

18.     Defendant Cathy Kelly, sued in her personal capacity, was at all relevant times a member of the New Haven Unified School District Board of Education.  All actions taken by Defendant Kelly while acting as a member of the New Haven Unified School District Board of education were taken while acting in the course and scope of her duties as a Board member and were taken under color of state law.

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

19.    Defendant Ruth Ann McKenna, sued in her personal capacity, was at all relevant times employed by, and was Superintendent of, the New Haven Unified School District.  All actions taken by Defendant McKenna while working as Superintendent of the New Haven Unified School District were taken while acting in the course and scope of her employment and were taken under color of state law.

20.    Defendant Lorrie Barrera, sued in both her official and personal capacities, is and was at all relevant times, employed by the New Haven Unified School District as a House Principal at James Logan High School.  All actions taken by Defendant Barrera while working as a House Principal at James Logan High School were taken while acting in the course and scope of her employment and were taken under color of state law.

21.    Defendant Craig Lang, sued in both his personal and official capacities, is and was at all relevant times, employed by the New Haven Unified School District as a House Principal at James Logan High School.  All actions taken by Defendant Lang while working as a House Principal at James Logan High School were taken while acting in the course and scope of his employment and were taken under color of state law.

22.    Defendant Jesus Varela, sued in both his personal and official capacities, is and was at all relevant times, employed by the New Haven Unified School District as a House Principal at James Logan High School.  All actions taken by Defendant Varela while working as a House Principal at James Logan High School were taken while acting in the course and scope of his employment and were taken under color of state law.

23.    Defendant Jason Robarge, sued in his personal capacity, was at all relevant times, employed by the New Haven Unified School District as the Assistant Principal, Activities, at James Logan High School.  All actions taken by Defendant Robarge while working as Assistant Principal, Activities, at James Logan High School were taken while acting in the course and scope of his employment and were taken under color of state law.

24.    Defendant Dan Fowler, sued in both his personal and official capacities, is and was at all relevant times, employed by the New Haven Unified School District as an Assistant Principal at James Logan High School.  All actions taken by Defendant Fowler while working as a House Principal at

James Logan High School were taken while acting in the course and scope of his employment and were taken under color of state law.

25.     Plaintiffs are informed and believe that Doe defendants 1 through 25 are all officials employed by the New Haven Unified School District and were at all relevant times acting in the course and scope of their employment and acting under color of state law.  Upon information and belief, each of the Doe defendants 1 through 25 participated in or supervised those who participated in the detention, search, seizure, interrogation and/or collection and maintenance of personal data relating to the plaintiffs.  Defendants 1 through 25 are sued in their personal and official capacities.  The true names of these defendants are unknown to plaintiffs.  In due course, plaintiffs will amend this complaint to identify these defendants' true names when they have been ascertained.

26.     Defendant City of Union City is a municipality incorporated under the laws of the State of California and is responsible for the maintenance, control and supervision of the Union City Police Department and for establishing the policies, procedures and customs by which its employees conduct their official duties.

27.     Defendant Randy Ulibarri, sued in his personal and official capacities, is and at all relevant times was Chief of Police of the Union City Police Department ("UCPD") and is responsible for the maintenance, control and supervision of law enforcement personnel employed by the Union City Police Department.

28.     Defendant Union City Police Officers Bernard, Jeffrey Bilodeau, Blackwell, Cesar, Raoul Galindo, Gough, Gloria Lopez-Vaughn, Bob Martin, Ray Munoz, Dean Sato and Brian Simon, sued in their personal and official capacities, are and at all relevant times were, duly appointed and employed by the Union City Police Department and were at all relevant times acting in the course and scope of their employment and acting under color of state law.  As more fully set forth herein, plaintiffs are informed and believe that each of these defendants participated in the seizure, search, detention, interrogation, and/or collection and maintenance of personal data relating to one or more of the plaintiffs.

29.     Plaintiffs are informed and believe that Doe defendants 26 through 50 are all officers duly appointed and employed by the Union City Police Department and were at all relevant times acting

in the course and scope of their employment and acting under color of state law.  Upon information and belief, each of the Doe defendants 26 through 50 participated in or supervised those who participated in the detention, search, seizure, interrogation, and collection and maintenance of personal data relating to the plaintiffs.  Defendants 26 through 50 are sued in their personal and official capacities.  The true names of these defendants are unknown to plaintiffs.  In due course, plaintiffs will amend this complaint to identify these defendants' true names when they have been ascertained.

30.     Upon information and belief, at all relevant times each defendant was the agent and/or employee of each of the remaining defendants, and in doing the things herein alleged was acting within the course and scope of his or her employment and under color of state law.  Each of the defendants has caused, and is responsible for, the unlawful conduct described herein.  Each defendant is responsible for plaintiffs' injuries by personally participating in the unlawful conduct or in acting jointly and in concert with others who did so; authorizing, acquiescing or failing to take action to prevent the unlawful conduct; promulgating policies and procedures pursuant to which the unlawful conduct occurred; failing and refusing, with deliberate indifference, to implement and maintain adequate training and supervision; and/or by ratifying the unlawful conduct.

## FACTS

### The Round Up

31.     James Logan High School is a public high school located in Union City California, within the New Haven Unified School District.  It has a student body population of approximately 4200 students, the vast majority of whom are identified as Asian American, Latino and African American.

32.     On the morning of February 22, 2002, Defendant Don Montoya, principal of James Logan High School, disseminated a memorandum to the Superintendent of the New Haven Unified School District, Ruth McKenna, other school district officials and staff at James Logan High School, among others, explaining that later that day the "admin team" and others would be "rounding up" students "we believe to be involved" in gang activity to give them a "gang intervention meeting."

33.     During the school lunch period on February 22, 2002, Defendants Montoya and Barrera, and, plaintiffs are informed and believe, defendants, Fowler, Lang,  Robarge, Varela, Bernard, Bilodeau,

Blackwell, Cesar, Galindo, Gough, Lopez-Vaughn, Martin, Munoz, Sato and Simon and several unknown Doe defendants, without lawful justification, rounded up and detained approximately 60 students, all of whom were on school property and engaged in ordinary and proper activities associated with attending school.

34.     Defendant school officials and defendant Union City police officers approached a large group of students who were eating lunch on school grounds outside the school building and ordered all of the students to gather up their belongings and return to the school building.  Other students were selected while eating lunch outside the school, waiting in line for lunch at the school cafeteria, or while walking through the corridors of the school.  Students were then ordered to go to certain  classrooms, with students of Latino descent ordered into one classroom and students of Asian descent ordered into another.  The perimeter of each room was ringed with police officers and school administrators and the doors of the classrooms were locked.

35.     Once the students were in the classrooms, defendant school administrators and/or defendant Union City police officers ordered each student to remove his or her personal belongings and place such belongings on desks or under or beside their chairs.  Defendants, acting without lawful justification and without the consent of the students, patted students down and/or ordered them to empty their pockets.  Defendants also searched the students' personal belongings, such as backpacks and notebooks.  Defendant Montoya told the students that they had been rounded up because of the school's concern about gangs.  He warned the students not to participate in gangs or to wear gang colors. Defendant Montoya told students in the room of predominantly Latino students that they were forbidden to wear the color red.  He told students in the room of predominantly Asian American students that they were forbidden to wear the colors blue and/or green.  Plaintiffs are informed and believe that these prohibitions do not apply to the general school population.  The official school colors for James Logan High School are red and black.

36.     Students were told that if they did not cooperate with the activities being carried on in the classroom where they were being detained, they would be suspended from school.  Defendant school officials and Union City police officers also made other intimidating statements or gestures to the

1  students.  Such statements and actions were made to intimidate students and obtain compliance with

2  Defendants' commands, and caused great fear and distress among the plaintiffs.

3        37.     In addition, defendant Union City police officers, acting without lawful justification and

4  without the students' consent, interrogated each student, including plaintiffs, requiring each student to

5  provide his or her name, address, telephone number, date of birth, height, and weight.  All of this

6  information was recorded by defendant Union City Police officers on index cards.  Defendant Union

7  City police officers also recorded any distinctive characteristics of each student, such as tattoos or

8  piercings and asked each student whether he or she was a member of a gang.  That information, too, was

9  recorded.

10        38.     Defendant Union City police officers, acting without lawful justification and without the

11  students' consent, then called the students up one by one to be photographed.  Some students were

12  photographed only from the front; others were also photographed in profile, and, in some cases,

13  additional photographs were taken of students' hairstyles.

14        39.     Plaintiffs are informed and believe that the information and photographs obtained by

15  defendant Union City Police officers was used to create or was added to a gang database or "gang book"

16  kept by the Union City Police Department.

17        40.     All in all, defendant school administrators and defendant Union City Police officers

18  detained the students for up to two hours.

19        41.     On February 22, 2002, the date of the round up, Plaintiff Brian Benitez was walking

20  through the corridors of the school with two Filipino friends during fifth period lunch when, by chance,

21  he and his friends encountered Defendant Lorrie Barrera, a House Principal at James Logan High

22  School, and one of the defendant Union City police officers, whose name is currently unknown to

23  plaintiff.  Plaintiff Benitez and his friends were on their way to lunch.  Barrera and the police officer

24  were escorting a group of students.  Barrera and the Union City police officer stopped in front of

25  Plaintiff Benitez and his friends and ordered them to follow the group.  When Benitez protested that he

26  had not done anything, Defendants responded that if he did not follow their instructions he would be

27  forcibly taken with them. At the time, Plaintiff Benitez was wearing only black, white, and gray.

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

1    Plaintiffs are informed and believe that defendants included Plaintiff Benitez in the round up solely

2    because he is of Asian ancestry.

3            42.    During fifth period lunch on February 22, 2002, Plaintiff Victor Munoz was playing

4    cards with friends at a table outside the school building when one of the defendant school administrators

5    and one or more of the defendant Union City police officers, whose names are currently unknown to

6    plaintiff Munoz, ordered him, his friends, and the entire group of students in the area, to follow them

7    inside the building.  At the time, Plaintiff Munoz was wearing black jeans, white shoes, a black belt with

8    his initial "V," and a gray polo shirt.  Plaintiffs are informed and believe that defendants included

9    Plaintiff Munoz in the round up solely because he is of Latino ancestry.

10           43.    On February 22, 2002, during fifth period lunch Plaintiff Jessica Prentice was eating with

11   her friends at a group of tables outside the school cafeteria when Defendant Montoya, accompanied by

12   one of the defendant school administrators and one or more of the defendant Union City police officers,

13   whose names are currently unknown to plaintiff Prentice, ordered all of the students at the lunch tables

14   and in the surrounding area to collect their personal belongings and come with defendants.  Defendants

15   also ordered the students to bring along the backpacks and other personal belongings of other students

16   that had been left in the area by their owners.  At the time she was rounded up, Plaintiff Prentice was

17   wearing a red shirt and blue jeans.  Red is one of the official school colors of Logan High School.

18   Plaintiffs are informed and believe that defendants included Plaintiff Prentice in the round up because

19   she was associating with persons of Latino ancestry.

20           44.    Plaintiff Benitez was taken to a classroom along with other students who were rounded

21   up who were primarily of Asian descent.  Plaintiff Munoz, who is a Latino, and Plaintiff Prentice, who is

22   white, were taken to a classroom along with other students who were rounded up who were primarily of

23   Latino descent.

24           45.    By virtue of the actions of the police officers, acting in concert with the school officials,

25   none of the plaintiffs believed that he or she was free to leave the classroom where he or she was

26   detained and confined at risk of being physically restrained and/or removed to a jail facility and/or

27   suspended from school if he or she attempted to leave or in any way protest his or her confinement.

28

145571_1.DOC                              -10-

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

46.     Plaintiffs Benitez, Munoz, and Prentice, like the other students who had been rounded up, were ordered to submit to a search.  Each of them was either patted down by one of the defendants and/or ordered to empty his or her pockets and back packs and place the contents on a desk or chair. Defendant school administrators and/or defendant Union City police officers also searched their backpacks and other personal belongings.

47.     After searching Plaintiff Munoz, defendant Dan Fowler took some of Plaintiff Munoz's drawings and threw them away. In addition, one of the defendants, whose identity is unknown to Plaintiff Munoz, confiscated a blue highlighter and a yellow highlighter that Plaintiff Munoz had in his possession and used for studying.

48.     At the time Plaintiff Prentice was searched, Defendant Barrera found a red bandanna in her pocket.  The bandanna was completely contained within her pocket, however, and could not be seen by others.  Defendant Montoya ordered that Plaintiff Prentice be suspended for having the bandana in her pocket.  He also ordered defendant Prentice to refrain from wearing anything red, including red nail polish.  Defendant Montoya also seized a number of photographs from Plaintiff Prentice's binder.  He told her to put her name on the back of each photograph and then confiscated them.  Some days after the round up, Defendant Montoya ordered Plaintiff Prentice suspended for two additional days for wearing a red shirt to school.

49.     Neither school officials nor Union City police officers informed plaintiffs of the basis for the searches, nor did they seek or obtain consent for the searches and in fact such searches were done without any lawful basis, without lawful consent and under duress.

50.     Defendant Union City police officers interrogated each of the plaintiffs and required each plaintiff to provide personal information such as his or her full name, any nicknames, street address, telephone number, height and weight.  The defendant Union City police officers who interrogated each plaintiff, and whose names are currently unknown to plaintiffs, asked each plaintiff whether he or she was a member of a gang.  Each of the plaintiffs stated that he or she is not a member of a gang.  Defendant Union City police officers solicited such personal information in plain view and within hearing of other students and recorded the responses of each student in writing, including each of the

1  plaintiffs named herein.  The defendant Union City police officers retained the documents on which this

2  information was recorded and, upon information and belief, later included the information about each of

3  the students, including each of the plaintiffs herein, in a gang database maintained by the Union City

4  Police Department.

5       51.    Defendant Union City police officers then called each of the plaintiffs by name, and in

6  full view of other students and school officials, ordered each of the plaintiffs to pose for one or more

7  photographs.  Plaintiffs are informed and believe that these photographs were made part of gang

8  database base maintained by the Union City Police Department.

9       52.    Some students who objected to the searches, interrogation or photographs or otherwise

10  were not fully cooperative were led out of the room by school officials in view of other students and,

11  upon information and belief, received additional punishment, including but not limited to suspensions

12  from school, for their refusal to submit to the demands of school officials and Union City police officers.

13       53.    After the detention, search, interrogation and photographing of each student, school

14  officials and police officers ordered the students, including each of the plaintiffs, to their respective

15  "house offices" at James Logan High School to meet with the House Principals.  During these meetings

16  some school officials admitted that they knew that plaintiffs had not in fact done anything that would

17  have justified the treatment they had received.

18       54.    Defendant Barrera called Plaintiff Munoz's mother, Angela Munoz and informed her that

19  Victor was included in the round up and had been photographed by the police but assured her that Victor

20  was a "good kid" and was not in any trouble.

21       55.    Defendant Lang called Plaintiff Prentice's parents and told them that Jessica just got

22  caught up in the sweep and that he knew that she was not a member of a gang.  Nevertheless, Plaintiff

23  Prentice was given a three-day home suspension for being in possession of a red bandana and was given

24  an additional two-day in school detention for wearing a red shirt, even though other students at the

25  school were and are permitted to wear the color red.

26       56.    One or more of the defendants who participated in the round up selected each of the

27  plaintiffs as part of the round up.  Neither the defendant police officers nor the defendant school officials

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

1    had any reason to believe that any of the plaintiffs had violated any school policy, rule or regulation or

2    had otherwise engaged in any unlawful conduct.  Plaintiffs are informed and believe that all or some of

3    the defendant school administrators, and in particular their House Principals, knew that none of the

4    plaintiffs is a member of gang.

5         57.    Like the other students who were victims of the round up, Plaintiffs Benitez, Munoz, and

6    Prentice were detained for up to two hours in locked rooms surrounded by police officers.  The detention

7    of each of the plaintiffs was arbitrary and capricious and without any lawful justification.

8         58.    The personal information improperly and unlawfully obtained by Union City police

9    officers from plaintiffs and other James Logan High School students during the "round up" has been

10   retained by the Union City Police Department and upon information and belief, included within various

11   investigative files and in a gang database relating to street gangs that is maintained by the Union City

12   Police Department.

13        59.    The comprehensive personal information obtained by Union City police officers from

14   plaintiffs and other James Logan High School students during the "round up" was obtained through

15   improper means, without lawful justification, and is inaccurate, incomplete and falsely characterizes

16   plaintiffs as members of street "gangs."

17        60.    Following the searches and detentions, Defendant Montoya and/or other school

18   administrators acting upon his direction, entered notations in the files of many of the students who had

19   been included in the round up, including in the files of plaintiffs Benitez and Munoz, indicating that they

20   had been part of the "gang intervention" round up.  Notations were made in Plaintiff Prentice's school

21   file indicating that she had been suspended for wearing the color red.  The notations placed in the files of

22   plaintiffs Benitez , Munoz and Prentice were inaccurate, incomplete and falsely characterized them as

23   members of street "gangs."  At the request of some parents or on his own initiative, Defendant Montoya

24   has directed that the notations be removed from the files of several students, apparently in recognition

25   that such students were wrongfully rounded up.  Nevertheless, the notations remained in the students

26   files for some period of time after February 22, 2002, and may have been observed by other school

27   officials or teachers who may have taken actions adverse to or have formed opinions adverse to said

28


1 students based on the notations.  In addition, school officials, including the defendants herein, have

2 refused to remove from the files of other students notations indicating that they were included in the

3 round up.

4       61.     Following the searches and detentions, Defendant Montoya, who is still employed as

5 Principal at James Logan High School, has stated that in the future he intends to conduct additional

6 "round ups" similar to the one described herein.

7 <div align="center">The School's "Gang Apparel Policy"</div>

8       62.     On or about March 1, 1994, the New Haven Unified School District Board of Education,

9 as the policy-making authority for the New Haven Unified School District, promulgated New Haven

10 Unified School District Board Policy S-5136, which provides in part as follows:  "The Board prohibits

11 the presence of any apparel, jewelry, accessory, notebook or manner of grooming which, by virtue of its

12 color, arrangement, trademark or any other attribute, denotes membership in gangs which advocate drug

13 use, violence, or disruptive behavior.  This policy shall be applied at the principal's discretion, after

14 consultation with the Superintendent or designee, as the need for it arises at individual school sites."

15 Defendant Board members Estes, Aro-Valle, Dino, Fernandez, and Navarro have ratified the

16 promulgation and enforcement of this policy.

17       63.     At a date unknown to plaintiffs, but prior to February 22, 2002, the defendant school

18 board members and/or defendant McKenna promulgated, and/or ratified the enforcement of, the Student

19 Code of Conduct set forth in the "New Haven Unified School District Parent Handbook, 2001-2002,"

20 which was applicable to students of James Logan High School during the 2001-2002 academic year, and

21 which, at paragraph 40, lists as a disciplinary offense:  "Gang affiliation and activity – any wearing,

22 carrying, or displaying gang paraphernalia, graffiti, colors, making gestures which symbolize gang

23 membership, or causing an incident affecting the school attendance of another student."

24       64.     At a date unknown to plaintiffs, the defendant school board members and/or defendant

25 McKenna promulgated, and/or ratified the enforcement of, the "New Haven Unified School District

26 Parent Handbook, 2002-2003" which is currently applicable to students of James Logan High School.

27 That Handbook defines "gang related conduct/activity" as including "symbols, graffiti, apparel, colors,

28

1  hazing/initiations, and gang fighting." The Handbook also prohibits the wearing of "inappropriate"

2  clothing, including "gang insignias or colors," and "any clothing that would disrupt the education

3  process."

4      65.   New Haven Unified School District Board Policy #S-5136, New Haven Unified School

5  District Student Code of Conduct, paragraph 40 from the 2001-2002 New Haven Unified School District

6  Parent Handbook, and the definitions of "gang related conduct/activity" and "inappropriate clothing" in

7  the New Haven Unified School District 2002-2003 Parent Handbook were and are void on their face

8  because they are so vague that they violate the due process clause of the Fourteenth Amendment in that

9  they:

10          a.   fail to define prohibited activity clearly so that ordinary people can understand

11               what conduct is prohibited; and

12          b.   fail to provide guidelines to school officials and law enforcement personnel to

13               prevent the possibility of arbitrary and discriminatory enforcement.

14      66.   As a result of the promulgation of Policy S-5136 and the student Code of Conduct in the

15  2001-2002 Parent Handbook, and their enforcement by Defendant Montoya and those acting at his

16  direction, and as a result of the edict issued on February 22, 2002, by defendant Montoya prohibiting

17  plaintiff Prentice from wearing the color red, plaintiff Prentice has been disciplined for wearing the color

18  red, which is one of the official school colors for Logan High School. Plaintiff Prentice has observed

19  other students frequently wearing red apparel and accessories, without any apparent disciplinary action

20  against them. In addition Plaintiff Prentice was disciplined for having a bandana in her possession

21  although out of sight. The imposition of such discipline was discriminatory, arbitrary and capricious.

22      67.   Plaintiffs Prentice and Munoz and members of the class they represent continue to be at

23  risk of discipline because of the enforcement of Board Policy #S-5136, the 2002-2003 Parent Handbook,

24  and defendant Montoya's unlawful edict prohibiting them from wearing the color red. Plaintiff Benitez,

25  and the members of the class he represents, continue to be at risk of discipline because of the

26  enforcement of Board Policy #S-5136, the 2002-2003 Parent Handbook, and defendant Montoya's

27

28

1  unlawful edict prohibiting him from wearing the colors blue and green, although other students at James

2  Logan High School are permitted to wear these colors without risk of discipline.  The continued

3  enforcement of Board Policy #S5136, the 2002-2003 Parent Handbook, and defendant Montoya's edicts

4  is discriminatory and arbitrary and capricious.

5  <center>**CLASS ACTION ALLEGATIONS**</center>

6          68.     For the purposes of all declaratory and injunctive relief sought in this case, Plaintiffs

7  Benitez, Munoz and Prentice and their guardians ad litem bring this action pursuant to Federal Rule of

8  Civil Procedure 23(b)(2) on behalf of themselves and all others persons similarly situated.  Each of these

9  individual class representatives was and is a student at Logan High School or the parent of a student at

10  Logan High School at all times relevant herein, who was detained, search, interrogated and

11  photographed on February 22, 2002, and who remains apprehensive and distressed as a result of the

12  actions taken by defendants as described herein.  The class which plaintiffs seek to represent consists of

13  all students at Logan High school who, by virtue of being included in the round up on February 22, 2002

14  or in a similar future round up, were, or may in the future be, unlawfully detained, searched, interrogated

15  and photographed and who have had, or in the future may have, personal information about them,

16  including a photograph, entered into a police database base of gang members, and who are, or in the

17  future may be subjected to vague definitions by defendants of what constitutes "gang" activity or

18  conduct or of what constitutes "inappropriate" or "gang" apparel.  The subclass which Plaintiffs Benitez

19  and Munoz seek to represent consists of all students at Logan High School who, by virtue of their race,

20  ancestry, or national origin, have been, or may in the future be, discriminated against by being identified

21  as gang members or as persons participating in gang activities by virtue of their race, ancestry, or

22  national origin and who have been, are, or in the future may be, discriminated against by the defendant

23  school officials by being forbidden to wear clothing of certain colors solely on account of their race,

24  ancestry, or national origin or perceived membership in a gang, while other students are permitted to

25  wear clothing of said colors.  The members of this subclass are victims of defendants' racially motivated

26  and illegal pattern and practice of discrimination in enforcing school rules and regulations and in

27

28

1    targeting members of the subclass for detention, search, interrogation, photographing, and inclusion in a

2    gang database as part of round ups such as the one complained of herein.

3        69.    The class and subclass of persons defined in paragraph 68 is so numerous that joinder of

4    all members in one action is impracticable.

5        70.    There are questions of law and fact common to all members of the class and subclass,

6    because all class and subclass members have been, or will be, adversely affected by the challenged

7    actions of the defendants.  Common questions of fact and law include, but are not limited to: whether the

8    detention, search, interrogation, photographing, and inclusion in a gang database of students included in

9    the class violated the rights of those students to be free of unlawful searches and seizures in violation of

10   federal and state Constitutions and civil rights and privacy laws, and whether the school official

11   defendants' definitions of "gang" activity or conduct and "inappropriate" or "gang" apparel are

12   unconstitutionally vague in violation of the federal Constitution; and whether students included in the

13   subclass are subject to discrimination in the enforcement of school rules and in being targeted for

14   detention, search, interrogation, photographing, and being included in a gang database as part of round

15   ups such as the one complained of herein. in violation of their rights under the federal and state

16   Constitutions and federal and state civil rights laws

17       71.    The claims of the representative plaintiffs are typical of the class as a whole in the

18   manner in which they were rounded up, detained, searched, interrogated, photographed and included in a

19   gang database without lawful justification and in the manner in which they were and are subjected to the

20   arbitrary and capricious enforcement of defendant school officials' unconstitutionally vague definitions

21   of "gang" activity or conduct and of "inappropriate" or "gang" apparel.   They are also representative of

22   the subclass of students who are continually discriminated against on account of their race, ancestry,  or

23   national origin in the enforcement of school rules and regulations and in being targeted for detention,

24   search, interrogation, photographing, and being included in a gang database as part of round ups such as

25   the one complained of herein.  The experiences of the plaintiffs at the hands of the defendants resulted

26   from the defendants' policies and conduct, making their claims typical of those held by the class and

27   subclass they seek to represent.

28

72.     Plaintiffs can and will fairly and adequately protect the interests of the members of the class and subclass.  Plaintiffs will be adequate representatives of the class and subclass in that all of the relevant questions of fact and law applicable to the class and subclass also apply to them.

73.     Plaintiffs have retained counsel who are familiar with the applicable law and experienced in class action litigation, as well as litigation involving constitutional and civil rights.  Counsel for plaintiffs have the resources necessary to pursue this litigation.

74.     This action is properly maintained as a class action.  The defendants have acted or refused to act on grounds generally applicable to the class and subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class and subclass as a whole.  Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

75.     The prosecution of separate actions by individual class and subclass members would create a risk of inconsistent and varying adjudication concerning the subject of this action, and such adjudication could establish incompatible standards of conduct for defendants under the laws alleged herein.

## REQUISITES FOR RELIEF

76.     As a direct and proximate result of the conduct of defendants described above, plaintiffs have been denied their constitutional and statutory rights as stated below and have been damaged in an amount which is not yet known.  Plaintiffs will seek leave of Court to amend this Complaint to conform to proof at time of trial.   Plaintiffs have suffered and continue to suffer mental and emotional distress, humiliation, embarrassment, discomfort and anxiety.

77.     Defendants' acts were willful, wanton, malicious, oppressive and done with conscious disregard and deliberate indifference for plaintiffs' rights.  Therefore, defendants' actions justify an award to plaintiffs of punitive damages in an amount to be determined at trial.

78.     Defendants' policies, practices, conduct and acts alleged herein have resulted and will continue to result in irreparable injury to plaintiffs, including but not limited to further violations of their statutory and constitutional rights.  Plaintiffs have no plain, adequate or complete remedy at law to

address the wrongs described herein.  Plaintiffs therefore seek injunctive relief restraining defendants from continuing to engage in and enforce the unconstitutional and illegal policies, practices, conduct and acts described herein.

79.     Defendants acted with discriminatory intent in violation of plaintiffs' legal and constitutional rights, and have directly and proximately caused plaintiffs' humiliation, mental pain and suffering.  As a direct, legal and proximate result of defendants' violations of plaintiffs' statutory, constitutional and common law rights, plaintiffs have been damaged in an amount which is not yet known.  Plaintiffs will seek leave of Court to amend this Complaint to conform to proof at time of trial.

80.     At all times herein mentioned, defendants had an obligation to comply with federal and state laws regarding racial discrimination.  Defendants failed to meet these obligations..

81.     Defendants, in various personal and official capacities acting under color of law, instituted, authorized, tolerated, ratified, permitted and acquiesced in policies, practices and customs of detentions, interrogations, searches and seizures, photographing, and including students in gang databases without probable cause or reasonable suspicion that such actions would reveal any evidence that the plaintiffs had violated or were violating any laws or any valid rules of the school.  Defendants in various ways have indicated they intend to continue such policies and practices.

82.     Defendants  have acted with deliberate indifference to the rights of plaintiffs.

## FIRST CLAIM FOR RELIEF

Unlawful Search and Seizure
Infringement of Fourth and Fourteenth Amendment Rights
Violation of 42 U.S.C. Section 1983
(Against all Defendants in their personal and official capacities)

83.     Plaintiffs repeat and re-allege paragraphs 1 through 82, above.

84.     Defendants, acting under color of law and in concert with one another, have violated plaintiffs' right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution as described below.  Namely, Defendants subjected plaintiffs to lengthy detentions, interrogations, searches and seizures, photographing, and inclusion in a

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

1   gang database without probable cause or reasonable suspicion that plaintiffs had committed any crime,

2   violated any school rule, possessed any contraband or had otherwise engaged in wrongful activity.

3         85.    Defendants' conduct violates the Fourth Amendment guarantee against unreasonable

4   searches and seizures and gives rise to plaintiffs' claims pursuant to the Fourteenth Amendment and 42

5   U.S.C. Section 1983.

6   **SECOND CLAIM FOR RELIEF**

7   Infringement of Due Process Rights

8   Violation of 42 U.S.C. Section 1983
    (Against defendant members of the  New Haven Unified School
    District Board of Education and defendants McKenna, Speakman,

9   and Montoya in their personal and official capacities.)

10        86.    Plaintiffs repeat and re-allege paragraphs 1 through 82, above.

11        87.    In enacting and enforcing New Haven Unified School District Board Policy #S-5136,

12  paragraph 40 of the New Haven Unified School District Student Code of Conduct contained in the "New

13  Haven Unified School District Parent Handbook, 2001-2002," and the provisions defining "gang

14  activity/conduct" and "inappropriate" or "gang" apparel as contained in the "New Haven Unified School

15  District Parent Handbook, 2002-2003," Defendants, acting under color of law and in concert with one

16  another, have violated and continue to violate plaintiffs' rights of due process giving rise to plaintiffs'

17  claims pursuant to the Fourteenth Amendment and 42 U.S.C Section 1983.

18  **THIRD CLAIM FOR RELIEF**

19  Discrimination on Account of Race, Ancestry and National Origin
    Violation of the 14th Amendment to the United States Constitution and 42 U.S.C. Section 1983

20  (Against all Defendants in their personal and official capacities)

21        88.    Plaintiffs repeat and re-allege paragraphs 1 through 82 above.

22        89.    Plaintiffs are informed and believe that they were included in the round up, and thereafter

23  detained, searched, interrogated, photographed, forbidden from wearing particular colors, and included

24  in the UCPD's gang database because of the race, ancestry, or national origin of Plaintiffs Benitez and

25  Munoz and because Plaintiff Prentice associated with persons of Latino or Hispanic ancestry or national

26  origin.

27

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

90.     Defendants have violated plaintiffs' right to be free of discrimination on account of race, ancestry, and national origin as guaranteed by Fourteenth Amendment to the United States Constitution and by 42 U.S.C. Section 1983.

## FOURTH CLAIM FOR RELIEF

Discrimination on Account of Race, Ancestry, and National Origin
Violation of Article 1, Section 7, of the California Constitution
(Against all Defendants in their personal and official capacities)

91.     Plaintiffs repeat and re-allege paragraphs 1 through 82 above.

92.     Plaintiffs are informed and believe that they were included in the round up, and thereafter detained, searched, interrogated, photographed, forbidden from wearing particular colors, and included in the UCPD's gang database, because of the race, ancestry, or national origin of Plaintiffs Benitez and Munoz and because Plaintiff Prentice associated with persons of Latino or Hispanic ancestry or national origin.

93.     Defendants have violated plaintiffs' right to be free of discrimination on account of race, ancestry, and national origin as guaranteed by Article 1, Section 7(a) of the California Constitution.

## FIFTH CLAIM FOR RELIEF

Right to Informational Privacy
Violation of Article I, Section 1 of the California Constitution
(Against all Defendants in their personal and official capacities)

94.     Plaintiffs repeat and re-allege paragraphs 1 through 82.

95.     Defendants Bernard, Blackwell, Cesar, Gough, Lopez and Does 26-50, acting pursuant to policies and customs of the City of Union City and under the instructions of defendant Ulibarri, interrogated and photographed plaintiffs for the purpose of obtaining personal and private information and the Union City Police Department has retained custody of this information.

96.     By obtaining such personal and private information from plaintiffs through unlawful means and retaining such information for improper purposes, knowing that such information is incomplete, inaccurate and false, defendants have violated plaintiffs' rights of privacy pursuant to Article I, Section 1 of the California Constitution.

## SIXTH CLAIM FOR RELIEF

Unlawful Search and Seizure
Violation of Article I, Section 13 of the California Constitution
(Against all Defendants in their personal and official capacities)

97.     Plaintiffs repeat and re-allege paragraphs 1 through 82, above.

98.     Defendants subjected plaintiffs to lengthy detentions, interrogations, searches and seizures, photographing, and inclusion in a gang database without probable cause or reasonable suspicion that plaintiffs had committed any crime, violated any school rule, possessed any contraband or had otherwise engaged in wrongful activity.

99.     Defendants' conduct violates the guarantees against unreasonable searches and seizures of Article 1, Section 13 of the California Constitution.

## SEVENTH CLAIM FOR RELIEF

Violation of Civil Code Section 52.1(b)
(Against all Defendants in their personal capacities)

100.     Plaintiffs repeat and re-allege paragraphs 1 through 82 above.

101.     Defendants threatened, intimidated and coerced plaintiffs in a manner that interfered with their exercise and enjoyment of rights secured by the Constitution and laws of the United States and rights secured by the Constitution and laws of the State of California.

102.     Defendants' conduct described above interfered and/or attempted to interfere with plaintiffs' exercise and/or enjoyment of their rights secured by the Constitution and laws of the United States and  by the Constitution and laws of the state of California in violation of California Civil Code Section 52.1.

## EIGHTH CLAIM FOR RELIEF

False Imprisonment
(Against Defendant Union City and Defendants Montoya, Barrera, Lang, Varela, Robarge, Fowler, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez, Martin, Munoz, Sato and Simon and Does 1-50 in their personal capacities)

103.     Plaintiffs repeat and reallege paragraphs 1 through 82.

104.   Defendants Montoya, Barrera, Lang, Varela, Robarge, Fowler, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez, Martin, Munoz, Sato and Simon and Does 1-50  intended to confine plaintiffs and did confine plaintiffs.

105.   Plaintiffs were conscious of such confinement and the confinement was not otherwise privileged.

106.   Defendant's conduct proximately caused plaintiffs humiliation, mental pain and suffering and emotional distress.

107.   These actions constitute false imprisonment under the laws of the State of California.

### NINTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress
(Against Defendant Union City and Defendants Montoya, Barrera, Lang, Varela,
Robarge, Fowler, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez,
Martin, Munoz, Sato and Simon and Does 1-50 in their personal capacities)

108.   Plaintiffs repeat and re-allege paragraphs 1 through 82.

109.   During the detention and search of plaintiffs, defendants Montoya, Barrera, Lang, Varela Robarge, Fowler, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez, Martin, Munoz, Sato and Simon and Does 1-50 intentionally and purposefully acted in a manner to harass, intimidate, and frighten plaintiffs in order to cause them to submit to the will of said defendants which they knew was likely to cause injury to the plaintiffs.

110.   Plaintiffs are informed and believe that Defendants acted in such manner because they knew that their conduct in detaining, searching, seizing, interrogating, photographing, including plaintiffs in a gang database, and subjecting plaintiffs to restrictions on the colors they are permitted to wear was unjustified and was in violation of the rights of plaintiffs, and defendants were anxious that no student assert his or her rights in a manner that would cause other students also to assert their rights and thereupon require defendants to desist in their illegal and unconstitutional activity.

111.   As a result of the detention, search, creation of a file in the police gang database base, and imposition of restrictions on the colors plaintiffs are permitted to wear, plaintiffs are in a constant state of apprehension, fear and stress, for fear that if they associate with friends, attempt to leave their homes

or otherwise engage in any activity at school or outside their homes which may be perceived by school officials or police as suspicious, or wear the prohibited colors to school, they will be subject to further detentions and searches and similar forms of harassment.

## TENTH CLAIM FOR RELIEF

Negligent Infliction of Emotional Distress
(Against Defendant Union City and Defendants Montoya, Barrera, Lang, Varela, Robarge, Fowler, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez, Martin, Munoz, Sato and Simon and Does 1-50 in their personal capacities)

112.    Plaintiffs repeat and re-allege paragraphs 1 through 82 and paragraphs 110 and 111.

113.    At all times mentioned herein defendants Montoya, Barrera, Lang, Varela Robarge, Fowler, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez, Martin, Munoz, Sato and Simon and Does 1-50 knew, or in the exercise of due care and diligence should have known, would violate some or all of plaintiffs' rights under the Constitution and laws of the United States and the State of California that would cause injury to plaintiffs

114.    Defendants' conduct was of such a nature that a reasonable person in plaintiffs' position would sustain serious emotional distress as a result of said conduct and plaintiffs did in fact incur great mental, nervous and emotional pain and suffering in an amount and duration subject to proof at trial.

## ELEVENTH CLAIM FOR RELIEF

Declaratory Relief
(Against all defendants in their personal and official capacities)

115.    Plaintiffs repeat and re-allege paragraphs 1 through 82.

116.    There exists an actual, present and justiciable controversy between plaintiffs and defendants concerning their rights and duties with respect to defendants' conduct described herein. Plaintiffs contend that defendants violated plaintiffs' rights under the constitutions and laws of the United States and the state of California.  On information and belief, defendants deny that their conduct violated plaintiffs' rights under the constitutions and laws of the United States and the state of California.  Plaintiffs fear that they will again be subjected to such unlawful and unconstitutional actions, and seek a judicial declaration that defendants' conduct deprived plaintiffs of their rights under the constitutions and laws of the United States and the state of California.

117.    This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal obligations that govern their present and future conduct.

## REQUESTED RELIEF

WHEREFORE, plaintiffs respectfully pray that this Court:

1.    Issue a declaratory judgment that defendants' conduct as complained of herein was a violation of plaintiffs' rights under the constitutions and laws of the United States and the state of California;

2.    Issue an injunction

(a)    prohibiting defendants, and all those acting in concert with them or acting under their supervision or control, from detaining, searching, seizing the belongings of, interrogating, or photographing students at James Logan High School without probable cause or reasonable suspicion to believe that the student has violated a valid school rule or has violated the law, and further prohibiting defendants from including any James Logan High School students in any database or other record indicating that said student is a member of a prohibited gang without probable cause to believe that such student is in fact a member of a prohibited gang;

(b)    prohibiting the New Haven Unified School District defendants, including the James Logan High School defendants, and all those acting in concert with them or acting under their supervision or control, from enforcing the paragraph titled "Gang Activity/Affiliation" found at page 11 of the New Haven Unified School District Parent Handbook, 2002-2003 and the paragraph titled "Student Dress" at page 11 of the New Haven Unified School District Parent Handbook, 2002-2003 or any other rules or regulations that purport to define gang related conduct, activity, or affiliation or that prohibit the wearing of any clothing or other apparel or any symbols or insignias that defendants contend constitute a declaration that the wearer is a member of a prohibited gang to the extent that such rules and/or regulations fail to give adequate notice of what they prohibit and/or to the extent such rules and/or regulations are, or are capable of being, applied in an arbitrary or discriminatory manner;

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

(c)      requiring defendants City of Union City, Ulibarri, Bernard, Bilodeau, Blackwell, Cesar, Galindo, Gough, Lopez, Martin, Munoz, Sato and Simon, and all those acting in concert with them or acting under their supervision or control, to remove from all records maintained by the City of Union City, including but not limited to all records maintained by the Union City Police Department, any statement or other notation of any kind indicating that a James Logan High School student is a member of a gang, and further requiring them to return to plaintiffs and to the members of the plaintiff class any and all photographs taken of said students in connection with the round up described herein, and prohibiting defendants from keeping any copies of said photographs;

(d)      requiring the New Haven Unified School District defendants, including the James Logan High School defendants, and all those acting in concert with them or acting under their supervision or control, to remove from the school records of plaintiffs and members of the plaintiff class any statement or notation of any kind concerning the round up described herein, and further requiring said defendants to remove any statement or notation of any kind reflecting that Plaintiff Prentice or any other member of the plaintiff class was disciplined in any way as a result of Defendant Montoya's edicts that those who were subjected to the rounded up not wear certain colors.

3.      Award compensatory and general damages, in an amount to be proven at trial, against the City of Union City and against each of the individual defendants sued in his or her personal capacity;

4.      Award exemplary and punitive damages, in an amount to be proven at trial, against the City of Union City and against each of the individual defendants sued in his or her personal capacity;

5.      Award statutory damages and penalties pursuant to California Civil Code §§ 52 and 52.1(b) against the City of Union City and against each of the individual defendants sued in his or her personal capacity;

6.      Award plaintiffs their costs, expenses and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, California Civil Codes §§ 52(b) and 52.1(h) and California Code of Civil Procedure § 1021.5; and

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES

1    7.    Grant such other and further relief as the Court may deem just and proper.

2    Date:  January 30, 2003                    Ann Brick
                                                Alan L. Schlosser
3                                               American Civil Liberties Union Foundation
                                                 of Northern California
4
                                                John T. Hansen
5                                               NOSSAMAN GUTHNER KNOX & ELLIOTT LLP

6

7
                                                By:  _____/s/ John T. Hansen_____
8                                                         John T. Hansen
                                                        Counsel for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES